MINUTE ORDER

CASE NUMBER:  CR 12-00054AWT
               CV 16-00282AWT-RLP

CASE NAME:    USA v. Ronald W. Saville

JUDGE:    A. Wallace Tashima              DATE:      August 24, 2017

Pending before the Court are two motions filed by Defendant Ronald W. Saville: first, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence; and, second, a Motion for Release on Bail.  Dkt. Nos. 54, 56.  The United States opposes both motions, and Saville replied.  Dkt. Nos. 59-61.

On July 8, 2016, pursuant to an order issued by Chief Judge J. Michael Seabright, merits review of these motions was held pending a decision by the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886, 580 U.S. ___ (2017), which issued on March 6, 2017.  Dkt. No. 62.  Thereafter, Saville's counsel filed a supplemental memorandum indicating that, in light of *Beckles*, he recommended that his client voluntarily withdraw the § 2255 Motion.  Dkt. No. 65.  Saville appears unwilling to do so.  Dkt. No. 66.  Accordingly, this order resolves Saville's outstanding motions.

In 2013, Saville pleaded guilty to threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4).  Mot. at 1.  He was sentenced to seventy-seven months imprisonment.  *Id.*  In sentencing Saville, the Court applied the career offender enhancement set forth at U.S. Sentencing Guideline § 4B1.1.  *Id.* at 5. Saville's Motion contends that, after the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551, 576 U.S. ___ (2015), and *Welch v. United States*, 136 S.Ct. 1257, 578 U.S. ___ (2016), he was no longer a career offender because his predicate convictions were no longer "crimes of violence" as that phrase is defined in § 4B1.2(1).  Mot. at 5.

In *Beckles*, the Supreme Court considered whether *Johnson's* invalidation of the Armed Career Criminal Act's residual clause necessarily rendered void an identical clause in the sentencing guidelines.  *See Beckles*, 137 S.Ct. at 890.

Reasoning that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," the Court held that the residual clause in § 4B1.2(1) survives. *Id.* The Court's decision in *Beckles* controls Saville's § 2255 Motion. Here, Saville was sentenced at a time when the guidelines had long since been made advisory. *See United States v. Booker*, 543 U.S. 220 (2005). As a result, Saville's argument that *Johnson* rendered void the residual clause in § 4B1.2 fails. For the same reason, Saville is not entitled to bail.

Accordingly, each of Saville's motions is DENIED. It is so ordered.

Submitted by Leslie L. Sai, Courtroom Manager